IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MARK GUESS, | § | |
| | § | No. 429, 2014 |
| Defendant Below- | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware, |
| STATE OF DELAWARE, | § | in and for New Castle County |
| | § | Cr. ID 1111020337 |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: October 20, 2014
Decided: December 4 2014

Before **STRINE**, Chief Justice, **RIDGELY**, and **VALIHURA**, Justices.

## **O R D E R**

This 4th day of December 2014, upon consideration of the appellant's Supreme Court Rule 26(c) brief, his attorney's motion to withdraw, and the State's response thereto, it appears to the Court that:

(1) The defendant-appellant, Mark Guess, filed this appeal from the Superior Court's denial of his first motion for postconviction relief. Guess's counsel on appeal has filed a no-merit brief and a motion to withdraw under Rule 26(c). Counsel asserts that, based upon a complete and careful examination of the record, there is no merit to the appeal. Despite the opportunity to do so, Guess did not raise any points for this Court's consideration on appeal. The State has filed a response and moves to affirm

the Superior Court's judgment. We find no merit to Guess's appeal. Accordingly, we affirm.

(2) The record reflects that Guess was indicted in 2012 on multiple counts of burglary and theft, among other charges, arising from a string of burglaries. Guess's trial counsel filed a motion to suppress evidence that had been obtained through the use of a GPS tracking device. On February 1, 2013, the Superior Court held a hearing on the suppression motion. During the course of the hearing, an issue was raised about whether the police had complied with the terms of the GPS warrant that had been issued by a Pennsylvania court. The Superior Court denied the motion to suppress but directed the State to supply supplemental information about the issue raised.

(3) After the State supplied the requested information, defense counsel contacted the prosecutor and indicated that Guess was prepared to plead guilty if the State, among other things, would return a vehicle seized during Guess's arrest to its rightful owner. Defense counsel indicated that if the parties could not agree, then Guess would renew his motion to suppress in light of the State's supplemental response. Trial was scheduled to begin on March 26, 2013. On March 21, 2013, Guess pled guilty to one count each of Burglary in the Second Degree and Theft Over $1500. In exchange for his plea, the State dismissed the remaining charges and agreed not to

seek habitual offender sentencing. The State also agreed to return the seized vehicle to its owner. The Superior Court accepted the plea and immediately sentenced Guess to a total period of ten years at Level V incarceration to be suspended after serving eight years in prison for a period of probation. Guess did not appeal.

(4) In June 2013, Guess filed a motion for reduction of sentence, which the Superior Court denied. Again, Guess did not appeal. In September 2013, he filed his first motion for postconviction relief. He alleged that his trial counsel was ineffective for failing to renew the motion to suppress. He also alleged that his Fourth Amendment rights were violated because the Pennsylvania warrant should only have been deemed valid for 30 days and because the police engaged in a warrantless search by monitoring a GPS device without a Delaware warrant. The Superior Court appointed counsel to represent Guess. Counsel filed an amended motion. The Superior Court denied postconviction relief on the ground that trial counsel's failure to renew the suppression motion was objectively reasonable under the circumstances because counsel had been actively negotiating a very favorable plea on behalf of his client. This appeal followed.

3

(5)   Guess's appointed counsel on appeal has filed a brief and a motion to withdraw pursuant to Rule 26(c).  Guess's counsel asserts that there are no meritorious issues he could argue on appeal challenging the Superior Court's denial of postconviction relief.  Guess was informed of his right to supplement his attorney's presentation.  He did not raise any issues for the Court's consideration.

(6)   The standard and scope of review applicable to the consideration of a motion to withdraw and an accompanying brief under Rule 26(c) is twofold:  (a) this Court must be satisfied that defense counsel has made a conscientious examination of the record and the law for arguable claims; and (b) this Court must conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[1]

(7)   This Court has reviewed the record carefully and has concluded that Guess's appeal is wholly without merit and devoid of any arguably appealable issue.  We also are satisfied that Guess's counsel has made a conscientious effort to examine the record and the law and has properly determined that Guess could not raise a meritorious claim in this appeal.

---

[1] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).

The Superior Court did not err in denying Guess's motion for postconviction relief.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:

/s/ Karen L. Valihura
Justice